**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM ARNOLD, JR.,**

                **Plaintiff,**

    v.                                         **3:12-CV-767(NAM/DEP)**

**VANDERBILT & ASSOCIATES, LLC,**

                **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

Warren Law Group, P.C.                      Bruce K. Warren, Esq.
58 Euclid Street
Woodbury, NY 08096
For Plaintiff

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

### INTRODUCTION

Plaintiff William Arnold, Jr., brings this action against defendant Vanderbilt & Associates, LLC, "a limited liability company engaged in the business of collecting debt". Compl. ¶ 5. Plaintiff alleges that when defendant attempted "to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes" it violated a number of provisions of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 ("FDCPA"), as well as New York General Business Law §§ 349 and § 601. Compl. ¶¶ 26-34. Plaintiff moves for default judgment (Dkt. No. 7) on all causes of action and seeks $1,000 in statutory damages pursuant 15 U.S.C. § 1692k and $3,590 in attorney's fees and costs.[1]

---

[1] The Court previously denied plaintiff's application without prejudice to enable plaintiff to submit evidence of damages. Dkt. No. 8. To date, plaintiff has failed to submit such evidence. The Court

**DEFAULT**

Plaintiff filed the complaint on May 9, 2012 (Dkt. No. 1) and filed proof of service of the summons and complaint on May 17, 2012 (Dkt. No. 4). Defendant has not answered or otherwise appeared. On August 10, 2012, plaintiff obtained a Clerk's Entry of Default (Dkt. No. 6).

Plaintiff moves for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (Dkt. No. 7). Plaintiff filed proof that he served the motion on defendant (Dkt. No. 7-6). Although plaintiff's counsel states that "Defendant could not be an infant or incompetent person within the meaning of Rule 55(a) . . .because they [sic] are corporations", plaintiff makes no showing that "[t]he party against whom it seeks judgment is not in the military service" as required by Local Rule 55.2(a)(2). Since plaintiff represents that defendant is a corporation, however, the Court will deem this representation sufficient for purposes of L.R. 55.2(a). Defendant has not responded to the motion. Thus, the Court turns to consider whether plaintiff has demonstrated defendant's liability and, if so, what remedies plaintiff may obtain.

**LIABILITY**

It is well established that, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The complaint alleges:

8. On or about April 7, 2012, Plaintiff started to receive collection calls from Defendant's agent, "Debra Anderson", on a debt allegedly owed on a CitiFinancial account.
9. Plaintiff informed defendant's agent that he could not pay this account at this time.
10. Defendant's agent, "Debra Anderson", replied that "she would see him in court".

---

therefore considers the motion on the original motion papers.

11.    Plaintiff ended the call.
12.    On or about April 11, 2012, Defendant's agent, "Debra Anderson", contacted a neighbor of the Plaintiff stating that the Defendant was trying to contact the Plaintiff to serve him papers.
13.    Defendant's tactics were surely a way to cause humiliation to the plaintiff as the Defendant was well aware of how to contact Mr. Arnold.
14.    On or about April 13, 2012, Defendant's agent, "Debra Anderson", placed a call to Plaintiff's brother who is located in Florida.
15.    Defendant's agent again stated that she was trying to locate the Plaintiff in order to serve him legal papers.
16.    On or about April 17, 2012, Defendant placed yet another call to Plaintiff's brother in Florida.
17.    Despite having been in contact with the Plaintiff, Defendant continued to place three (3) to four (4) more calls to Plaintiff's brother.
18.    On or about April 19, 2012, Plaintiff's mother also received a call from the Defendant stating that they were trying to locate her son.
19.    To date, Plaintiff has not been served anything from the Defendant.

Compl. ¶¶ 8-19.

Plaintiff claims that defendant has violated: § 1692b(3)[2] by contacting a third party more than once; § 1692c(b) by contacting a third party without consent of the consumer; § 1692d by engaging in abusive or harassing conduct; §1692d(5) by "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number"; §1692e by making false or misleading representations; §1692e(10) by using a "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"; and §1692f by using "unfair or unconscionable means to collect or attempt to collect a debt". Based on the allegations in the complaint, plaintiff has established defendant's liability under the FDCPA.

**DAMAGES**

---

[2]Plaintiff erroneously cites 15 U.S.C. § 1692b(1) in the complaint, which requires that when a debt collector contacts a third party the debt collector must "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer".

3

Plaintiff seeks $1,000 in statutory damages and $2,590 in attorney's fees and costs. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Moreover, "[t]he decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). In *Dunn v. Advanced Credit Recovery Inc.*, the court discussed the amounts awarded for FDCPA violations:

> Awarding the statutory maximum under the FDCPA is appropriate in cases where the acts of the debt collector were particularly egregious. *See, e.g.*, *Overcash v. United Abstract Group Inc.*, 549 F.Supp.2d 193, 196 (N.D.N.Y.2008) (awarding $1,000 in statutory damages against each defendant who repeatedly sought to collect debts already paid in violation of FDCPA); *Baruch v. Healthcare Receivable Mgmt. Inc.*, No. 05 Civ. 5392(CPS)(JMA), 2007 WL 3232090, at *4 (E.D.N.Y. Oct. 30, 2007) (awarding $1,000 where defendants repeatedly contacted and threatened to sue alleged debtor and harm her credit rating in violation of FDCPA).
>
> In contrast, "courts in this Circuit have found that a $500 award is appropriate where there is no repeated pattern of intentional abuse or where the violation was technical." *Dona v. Midland Credit Mgmt., Inc.*, No. 10 Civ. 0825(JS)(WDW), 2011 WL 941204, at *3 (E.D.N.Y. Feb. 10, 2011) (awarding $500 in statutory damages where defendant left message on plaintiff's answering machine for the purposes of collecting a debt without indicating that call was from debt collector). *See also Weiss v. Zwicker & Assocs., P.C.*, 664 F.Supp.2d 214, 218 (E.D.N.Y. 2009) (awarding $500 in statutory damages where defendant liable for one act of noncompliance with FDCPA, which did not appear to be intentional); *Dowling v. Kucker Kraus & Bruh, LLP*, No. 99 Civ. 11958(RCC), 2005 WL 1337442, at *4–5 (S.D.N.Y. June 6, 2005) (awarding $550 per plaintiff where defendants' rent-collection demands "technically violated [FDCPA] dozens of times").

*Dunn v. Advanced Recovery Inc*, No. 11 Civ. 4023, 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012).

Plaintiff has submitted no evidence of damages. The complaint is not verified and there is

4

no affidavit showing why an award of the statutory maximum is warranted. Having reviewed the facts alleged in the complaint, the Court finds the appropriate amount of statutory damages is $500.

Plaintiff requests an award of attorney's fees and expenses. In support of this application, plaintiff provided billing records and affidavits and from Bruce K.Warren, who is an experienced attorney. These records indicate that Mr. Warren spent 8.70 hours on this case and bills at an hourly rate of $250. Plaintiff also seeks $415 in expenses.

Under the FDCPA, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of ... the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). "The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs." *Jacobson v. Healthcare Fin. Servs., Inc*., 516 F.3d 85, 95 (2d Cir. 2008).

The Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). "The 'lodestar' figure should be 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation'". *Luciano v. Olsten Corp*., 109 F.3d 111, 115 (2d Cir. 1997) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)). "It is well-established that the 'prevailing community' the district court should consider is 'the district in which the court sits'". *Id*. (citing *Polk v. New York State Dep't of Corr. Servs*., 722 F.2d 23, 25 (2d Cir. 1983)). Until recently, courts in the Northern District of New York had determined that the reasonable hourly rates were "$210 per hour for an

5

experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." *Picinich v. United Parcel Serv.*, 2008 WL 1766746, at *2 (N.D.N.Y. 2008) (citing, inter alia, *New Paltz Cent. Sch. Dist. v. St. Pierre*, 2007 WL 655603, at *2 (N.D.N.Y. 2007)). The prevailing hourly rates in this District, however, are "now higher than $210." *Luessenhop v. Clinton County*, 558 F.Supp.2d 247, 266 (N.D.N.Y. 2008); *see, e.g., Lee v. City of Syracuse*, Nos. 5:03-CV-1329, 5:06-CV-949, 2012 WL 2873533, at *1 (N.D.N.Y. July 12, 2012) (applying a rate of $225 per hour for an experienced attorney and a rate of $80 per hour for a paralegal); *Broadcast Music, Inc. v. DFK Entertainment, LLC*, No. 1:10-cv-1393, 2012 WL 893470, at *7 (N.D.N.Y. Mar. 15, 2012) (applying a rate of $270 per hour for a partner, $165 per hour for an associate, and $90 per hour for a paralegal); *Liberty Mutual Ins. Co. v. Conmas, Inc.*, No. 10-CV-717, 2012 WL 913312, at *2-3 (N.D.N.Y. Mar. 16, 2012) (applying rates of $145 to $225 per hour for attorneys and $85 per hour for paralegals); *Aquent, LLC v. Atlantic Energy Services, Inc.*, No. 1:09-CV-524, 2012 WL 1005082, at *3 (N.D.N.Y. Mar. 23, 2012) (applying rates of $135 to $345 per hour for attorneys).  After reviewing these cases, the Court finds that the $250 hourly rate requested by plaintiff's attorney is within the range of rates applied in this district and therefore reasonable.

It is therefore

**ORDERED** that the motion (Dkt. No. 7) for default judgment is granted; and it is further

**ORDERED** that plaintiff is entitled to an award of statutory damages in the amount of $500 and an award of attorney's fees and costs in the amount of $2,590; and it is further

6

**ORDERED** that the Clerk of the Court enter judgment for plaintiff in accordance with this Memorandum Decision and Order and close this case.

**IT IS SO ORDERED.**

Date:   March 4, 2014

Norman A. Mordue
Senior U.S. District Judge